**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

UNITED STATES OF AMERICA

V.                                                                                          NO. 3:25-CR-40

SULAYMAN MBENGA

**ORDER**

On March 4, 2025, a federal grand jury in the Northern District of Mississippi returned a six-count Indictment against Sulayman Mbenga charging him with obtaining by fraud property owned and under the care, custody, and control of Rust College. Doc. #1. Pursuant to Federal Rule of Criminal Procedure 48(a), the government filed a motion to dismiss the Indictment against Mbenga on June 16, 2026. Doc. #27. As cause, the government submits:

> [It] was granted a continuance after it learned that a key witness with personal knowledge of the IT services at Rust during the last years of Mbenga's employment was unavailable to testify for the upcoming trial on December 8, 2025.
>
> [A]s [it] prepared for the trial on December 8, 2025, a different witness provided new evidence to [it] that Rust College's insurance claim related to the conduct charged in the indictment was denied, in part, for lack of available evidence.
>
> [It] had hoped that the key IT witness unavailable for the December 8, 2025 trial would be able to testify at the August 24, 2026, but he remains unavailable. [It] has been unable to find another lay witness with personal knowledge who could testify to the same information as this witness.
>
> In addition, [it] learned that another key witness is deceased and cannot testify to the nature of [Mbenga's] scheme. This witness also had unique, personal knowledge of the facts alleged in the indictment.
>
> These unavailable witnesses were critical to government's case in chief regarding the nature of the scheme charged in the indictment and to rebut the newly discovered evidence. Without these witnesses, [it] is compelled to move to dismiss the indictment.

*Id.* at 1–2.

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "[t]he government

may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." "This leave of court requirement has been interpreted to allow the courts to exercise discretion over the propriety of a prosecutorial motion to dismiss." *United States v. Jones*, 664 F.3d 966, 973 (5th Cir. 2011) (citations and internal quotation marks omitted). Such discretion must be exercised with a view to the rule's purpose—"to 'protect the defendant against prosecutorial harassment.'" *Id.* (quoting *United States v. Hamm*, 659 F.2d 624, 628 (5th Cir. 1981) (en banc)). Consequently, a Rule 48(a) motion to dismiss "should be granted 'unless the trial court has an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest.'" *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) (quoting *Hamm*, 659 F.2d at 631). "Although the burden of proof is not on the prosecutor to prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons—reasons that constitute more than a mere conclusory interest." *Id*. (cleaned up).

Because the government's proffered reason here to dismiss the Indictment against Mbenga—unavailability of critical witnesses—is sufficient, the motion to dismiss [27] is **GRANTED**. The Indictment against Mbenga is **DISMISSED**.

**SO ORDERED**, this 17th day of June, 2026.

/s/**Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

2